
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DZHAMILAT SAIDOVA, | No.   15-70002 |
| Petitioner, | Agency No. A205-326-794 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]
San Francisco, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and RAYES,[***] District
Judge.

Dzhamilat Saidova, a Russian citizen, petitions for review of the denial of

her applications for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Douglas L. Rayes, United States District Judge for the
District of Arizona, sitting by designation.

Convention Against Torture ("CAT"). Saidova has not suffered past persecution. She nevertheless claims that if returned to Russia, she fears being (1) abducted and forced into marriage; (2) subjected to violence based on her ethnicity; and (3) extradited or persecuted based on political-extremism charges that Kazakhstan, a neighboring country, has brought against her.

The Board of Immigration Appeals ("BIA") correctly concluded that, although Saidova faced an isolated threat of abduction ten years ago, she has not shown that she now reasonably fears being abducted and forced into marriage, even assuming that a forced marriage would amount to persecution. As for fears of ethnicity-based violence, Saidova has not described any specific incidents of violence. The ethnic tension she describes amounts to harassment and discrimination and is not so grave as to constitute "a pattern or practice" of persecution against similarly situated individuals. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persistent teasing, harassment, and discrimination is not necessarily persecution). Moreover, Saidova describes tensions confined to certain parts of Russia. She has not explained why relocating to safer areas within Russia would be unreasonable. *See* 8 C.F.R. § 208.13(b)(3)(I) ("In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate.").

Finally, Saidova has not established a reasonable fear of persecution in Russia on account of political-extremism charges that were levied against her in Kazakhstan. At most, Russian officials have summoned Saidova for questioning about the charges levied against her, and they might do so again. A criminal investigation, however, does not itself constitute persecution. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir. 2004).

Because Saidova has not demonstrated a well-founded fear of persecution, she necessarily falls short of the higher burden required to succeed on her claim for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). We therefore deny Saidova's petition as to her withholding application.

For similar reasons, Saidova has not shown a likelihood of torture upon her return to Russia. Her application for protection under CAT was appropriately denied.

The petition is **DENIED.**